IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SELJO KOLJENOVIC,                    :   No. 3:05cv1109
              Petitioner           :
                                  :   (Judge Munley)
    v.                          :
                                  :
THOMAS DECKER, Acting Field  :
Office Director of the Office of  :
Detention and Removal           :
Operations,                            :
             Respondent        :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

     Before the court for disposition is the report and recommendation of United States Magistrate Judge Malachy E. Mannion that recommends granting in part and denying in part Seljo Koljenovic's (hereinafter "petitioner") petition for a writ of habeas corpus. Petitioner has filed objections to the report and recommendation, and the matter is ripe for disposition.

**Background**

     In 1988 petitioner, at eight years of age, emigrated to the United States from Yugoslavia. (Doc. 6, Resp. Ex. A). On December 10, 2001 New York State convicted petitioner of attempted arson in the second degree.[1] (Id.). On the basis of this conviction, the Department of Justice Immigration and Naturalization Service (whose duties are now performed by the Department of Homeland Security Bureau of Immigration and Customs Enforcement (hereinafter "ICE")) placed petitioner in removal proceedings. (Doc. 6, Resp. Ex. D). On January 21, 2003, an Immigration Judge ordered petitioner removed to Yugoslavia. (Doc. 6, Resp. Ex. C).

---

    [1]The New York State court sentenced petitioner to 3 1/2 year of incarceration. (Doc. 6, Ex. B). The conviction was evidently the result of a guilty plea. (Doc. 6, Ex. E).

The Board of Immigration Appeals affirmed the Immigration Judge's order on June 10, 2003.  (Doc. 6, Ex. D).[2]

Petitioner filed a petition for a writ of habeas corpus with the United States District Court of the Northen District of New York, which entered a stay of removal.  (Doc. 6, Ex. E).  The court lifted the stay on December 14, 2004.  (Id.).

Upon his release from the criminal charges, on September 3, 2004, ICE took the petitioner into custody.   He has been held in ICE custody ever since.   As noted above, petitioner emigrated from Yugoslavia.   The parties agree that subsequent to his leaving Yugoslavia, the country became the State Union of Serbia and Montenegro.  After the petitioner filed the instant petition for a writ of habeas corpus, the country split into two separate countries, Serbia and Montenegro.

On June 1, 2005, the petitioner filed the instant petition for writ of habeas corpus contending that his continued detention is unconstitutional. Magistrate Judge Mannion issued a report and recommendation suggesting that the petition be granted in part and denied in part.  The petitioner has filed objections to the report and recommendation.

**Jurisdiction**

We have jurisdiction over this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Chi Thon Ngo v. Immigration and Naturalization Service, 192 F.3d 390, 393 (3d Cir. 1999).

---

[2]The petitioner challenged his removal on the basis that he had derivative United States citizenship based upon his father's citizenship. (Doc. 6, Ex. D).  The Immigration Judge and the Board of Immigration Appeals rejected this argument.  (Id.).

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the

**Discussion**

The report and recommendation makes the following four (4) suggestions:

1) that the clerk of court substitute "Thomas Decker, Acting Field Office Director of the Office of Detention and Removal Operations," for "John Ashcroft, U.S. Attorney General" and the "Immigration & Naturalization Service."

2) that the petition be granted to the extent that the ICE has improperly suspended the petitioner's removal period and the petitioner's removal period has thus expired;

3) that the respondent be ordered to conduct an immediate custody review of the petitioner pursuant to the procedures set forth at 8 C.F.R. § 241.4; and

4) that the petition be denied to the extent that immediate release is unwarranted because petitioner has not shown good reason to believe that his release is not reasonably likely in the foreseeable future.

No objections have been made to the first three objections. Therefore, in order to decide whether to adopt the report and recommendation, we must determine whether a review of the record

evidences plain error or manifest injustice.  See, e.g., Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); 28 U.S.C. § 636(b)(1).  After a careful review with respect to 1 through 2 above, we find neither a plain error nor a manifest injustice.  Thus, we will adopt these suggestions.[3]   The recommendation that respondent be ordered to conduct an immediate custody review is rendered moot by our ultimate ruling in this case.  Therefore, we will not adopt that recommendation.

    Plaintiff objects to the fourth suggestion, that the petition be denied to the extent that immediate release is unwarranted because petitioner has not shown good reason to believe that his release is not reasonably likely in the foreseeable future.

    In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The district court judge may also receive further evidence or recommit the matter to the In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636

---

[3]Indeed, we have already changed the caption of the case in anticipation of the Clerk of Court changing the respondent.

(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

The issue in the instant case is whether the petitioner's continued detention is proper.  An alien who is subject to removal from the United States must be removed within a ninety-day "removal period".  8 U.S.C. § 1231(a)(1)(A).  "During the removal period, the Attorney General shall detain the alien."  8 U.S.C. § 1231(a)(2).  If an alien is not removed during the "removal period" he should be released on supervision under regulations prescribed by the Attorney General.  8 U.S.C. § 1231(a)(3).

Petitioner's argument is that he has not been removed within the ninety-day removal period; therefore, he should be released on supervision Thus, we must first determine when petitioner's removal period commenced and if the ninety-day removal period has expired.

The law provides:

> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  In the instant case, the record reflects that the Northern District of New York issued a stay of removal in this case.  The court lifted the stay on December 14, 2004.  (Doc. 6, Resp. Ex. at 16).  Therefore, the removal period begins on that day, and ended ninety (90)

5

days later on March 14, 2005.  It is undisputed that petitioner was not removed by March 14, 2005, yet his detainment continues.

An alien may be held beyond the removal period if ICE finds that he is a threat to the community or unlikely to comply with an order of removal. 8 U.S.C. § 1231(a)(6).   ICE, however, may not hold an alien indefinitely under section 1231(a)(6).  Zadvydas v. Davis, 533 U.S. 678,  689 (2001). The Supreme Court has held that ICE may detain an alien under section 1231(a)(6) only for period of time reasonably necessary to bring about that's alien's removal.  Id.   The Court further held that six months is a presumptively reasonable period.  If after six months, removal is not "reasonably foreseeable" then continued detention is unauthorized and the district court should order the alien's supervised release.  Id. at 701.

In the instant case, the petitioner has been held beyond the presumptively reasonable period of six (6) months, in fact as of the date of this memorandum he has been held more than eighteen (18) months. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.  In order to be released from detention, the petitioner bears the burden of "provid[ing] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing."  Id.

In the instant case, it appears that ICE was working with the government of State Union of Serbia and Montenegro to obtain travel documents for the petitioner.  The government of Serbia and Montenegro indicated that they had a citizen with petitioner's name and that they needed a photo identification issued by the Serbia and Montenegro government or a notarized statement from petitioner's parents in their

6

native language identifying petitioner as Seljo Koljenovic.  (Doc. 6, Resp. Ex. F). "Otherwise, the [Serbia and Montenegro] Embassy would continue to work on establishing his identity, but the process would take longer." (Id.).

Since the filing of this petition, the parties are in agreement that the nation of "Serbia and Montenegro" no longer exists.  It has split into two nations, Serbia and Montenegro.  Petitioner asserts that because of this change, his removal is not reasonably foreseeable and he should be released.  After a careful review, we agree.

In reviewing the petitioner's detention, we "must ask whether the detention in question exceeds a period reasonably necessary to secure removal."  Zadvydas,533 U.S. at 699.   The Supreme Court has instructed us to measure reasonableness "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." Id. at 699-700.

It is beyond cavil that petitioner is correct in noting that his removal is affected by the fact that the country that claimed him as a citizen no longer exists.  It is not clear which, if either, of the nations that once made up Serbia and Montenegro will accept the petitioner as a citizen and whether they will work with the ICE to effect petitioner's removal.

The government has made no response whatsoever to the petitioner's objections to the report and recommendation.  They have not rebutted the petitioner's showing there is not a significant likelihood of his removal in the foreseeable future.  The government has not even indicated that it has determined which country will now claim the petitioner as a

citizen. As the petitioner has established that his removal is not reasonably foreseeable, and the government has not rebutted that showing, we will grant the petitioner's petition for a writ of habeas corpus. An appropriate order follows. [4]

---

[4] Petitioner has also filed a motion for an award of attorney's fees under the Equal Access to Justice Act. (Doc. 17). As the petitioner is proceeding pro se, an award of attorney's fees is inappropriate. Zucker v. Westinghouse Elec., 374 F.3d 221, 228-29 (3d Cir. 2004). Thus, this motion will be denied.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SELJO KOLJENOVIC,** | : | **No. 3:05cv1109** |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **THOMAS DECKER, Acting Field Office Director of the Office of Detention and Removal Operations,** | : | |
| Respondentt | : | |

## ORDER

**AND NOW**, to wit, this 27th day of October 2006, it is hereby ordered as follows:

1) The report and recommendation (Doc. 15) is **ADOPTED** in part in that the Clerk of Court is directed to change the respondent on the docket to Thomas Decker, Acting Field Office Director of the Office of Detention and Removal Operations. It is also adopted with regard to the conclusion that the petitioner's removal period has expired;

2) The petitioner's objections (Doc. 18) are **SUSTAINED**, and his petition for a writ of habeas corpus is granted**;**

3) The respondent is ordered to immediately release petitioner under conditions of supervision that the government deems appropriate;

4) The petitioner's motion under the Equal Access to Justice Act for attorney's fees (Doc. 17) is **DENIED**; and

5) The Clerk of Court is directed to close this case.

**BY THE COURT:**


**s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**